UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

**CRU SHREVEPORT, LLC**          **CASE NO. 5:18-CV-00751**

**VERSUS**                        **MAG. JUDGE KAREN L. HAYES**

**UNITED NATIONAL INSURANCE
COMPANY**

## MEMORANDUM RULING

Before the Court is a Motion for Summary Judgment [doc. # 49] filed by defendant United National Insurance Company ("UNIC"). With the consent of all parties, the District Court referred the above-captioned case to the undersigned magistrate judge for the conduct of all further proceedings and the entry of judgment. 28 U.S.C. § 636(c). For reasons stated below, the motion is **GRANTED**.

## BACKGROUND

This case arises out of a dispute between CRU Shreveport, LLC ("CRU") and its insurer UNIC. CRU alleges UNIC breached the contract between the parties and violated the duty of good faith. CRU filed its complaint in this matter on June 5, 2018. On September 7, 2019, UNIC filed the instant motion for summary judgment, claiming that CRU no longer has a right of action because of a dation agreement between CRU and its creditor GreenLake. On September 30, 2019, CRU filed its response to the motion for summary judgment. On October 7, 2019, UNIC filed its reply brief. The matter is ripe.

## PERTINENT FACTS

Under Local Rule 56.1, every motion for summary judgment must be accompanied by a separate, short and concise statement of the material facts as to which the moving party contends

1

there is no genuine issue to be tried. Under Local Rule 56.2, a party opposing a motion for summary judgment must include a separate, short and concise statement of the material facts as to which there exists a genuine issue to be tried. All facts set forth in the statement required by the moving party will be deemed admitted unless controverted.

In the present case, CRU has only made a few objections to the statement of material facts presented by UNIC. Thus, all other facts in the statement submitted by UNIC are deemed admitted. For ease of reading and clarity, the court first lists the undisputed facts and then lists the disputed facts.

## **Undisputed facts**

1. On October 4, 2013, CRU purchased the hotel located at 1419 E. 70th Street, Shreveport, Louisiana ("the Hotel" or "the Property").

2. On November 8, 2013, CRU executed a Mortgage in favor of creditor GreenLake secured by the Hotel and its Movables.

3. CRU experienced difficulty paying its debts to GreenLake and its government taxes. CRU entered into three amending promissory notes with GreenLake in which GreenLake loaned additional funds and extended the maturity date of the debt.

4. In September 2016, the boiler allegedly malfunctioned and released water. As a result, CRU made a claim against its insurer UNIC.

5. UNIC paid on the claim and then, weeks later, CRU alleged numerous additional Hotel rooms were damaged by the boiler leak.

6. On February 1, 2017, GreenLake says CRU defaulted on its note. CRU was severely delinquent in payment of sales and use taxes to the State of Louisiana and was also out of compliance with the Louisiana Alcohol and Tobacco Control, which rescinded CRU's liquor license.

7. On August 11, 2017, CRU and GreenLake entered into a forbearance agreement, whereby GreenLake agreed to forbear on the defaulted note as long as CRU complied with various terms.

8. The Forbearance Agreement required CRU to execute a Partial Dation Agreement to convey the Hotel and its Movables to GreenLake should CRU default on the Forbearance

Agreement. The Dation would be effective on the date it was recorded in the public property records of Caddo Parish.

9. On October 23, 2018, the Dation was recorded. It provided that in consideration for the amount of $6,315,000, CRU was "transferring, conveying, delivering, granting and relinquishing the Property and the Movable Property to GreenLake."

10. The Dation further provided: "Grantor [CRU] hereby acknowledges and agrees that the conveyance of the Property and the Movable Property to Grantee [GreenLake], or the holder of the note, pursuant to this Partial Dation, is an absolute conveyance of all of Grantor's right, title and interest in and to the Property and the Movable Property. Grantor further acknowledges that, after conveyance of the Property and Movable Property hereunder, Grantor shall have no further interest or claims with respect to the property or the movable property to grantee, or the holder of the note."

11. The Dation further provided that CRU shall "immediately and unconditionally surrender complete possession of the Property and the Movable Property to Grantee [GreenLake], the holder of the Note or Grantee's [GreenLake's] designee and Grantee, the holder of the Note or Grantee's designee shall be authorized to secure possession and control of the Property and the Movable Property from the Grantor."

12. By Assignment of Right to Take Title and Possession Under Partial Dation En Paiement Deed and Voluntary Surrender, recorded in Caddo Parish on October 23, 2018, 70th Hospitality was assigned the Hotel and the Movables.

13. 70th Hospitality, LLC is the owner of the Hotel according to the Caddo Parish Tax Assessor's records.

## **Disputed Facts**

1. UNIC says that pursuant to the Mortgage, Movables included, among other things, all insurance policies and proceeds from such policies. CRU says that the Mortgage did not include all insurance policies and proceeds from those policies within the definition of Movables.

2. UNIC says that Greenlake filed a UCC security interest in CRU's personal property, which included "proceeds" and "insurance." CRU contends that the portion of the UCC security interest filing referenced by UNIC did not include proceeds and insurance as part of CRU Shreveport's personal property.

3. UNIC says that on September 22, 2016, CRU alleges the boiler at the Hotel malfunctioned and released water, resulting in CRU making a claim against UNIC. CRU says that the boiler leak occurred on September 20, 2016, and caused severe water damage to the Property.

4. UNIC questions whether the boiler leak actually caused damages to the later claimed rooms because the Hotel had a history of water leaks that preceded the September 22, 2016 boiler leak. CRU contends that the Property had only one prior water leak in 2014.

5. CRU says that neither CRU nor GreenLake intended for the Partial Dation to assign the insurance claim at issue.

6. CRU says that the Partial Dation did not assign CRU's statutory bad faith cause of action to GreenLake.

7. UNIC says that By Assignment of Right to Take Title and Possession Under Partial Dation En Paiement Deed and Voluntary Surrender, recorded in Caddo Parish on October 23, 2018, CRU assigned the Hotel and the Movables to 70th Hospitality. CRU says that By Assignment Of Right to Take Title and Possession Under Partial Dation En Paiement Deed and Voluntary Surrender on October 23, 2018, GreekLake assigned the Property and Movables to 70th Hospitality.

## Law and Analysis

**I.     Summary Judgment Standard**

Summary judgment is appropriate when the evidence before the court shows "that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law. FED. R. CIV. P 56(B). A fact is "material" if proof of its existence or nonexistence would affect the outcome of the lawsuit under applicable law in the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute about a material fact is genuine if the evidence is such that a reasonable fact finder could render a verdict for the nonmoving party. *Id*.

"[A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact.'" *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)(quoting *Anderson*, 477 U.S. at 247). "The moving party may meet its burden to demonstrate the absence of a genuine issue of material fact by pointing out that the record contains no support for the non-moving party's claim." *Stahl v. Novartis Pharm. Corp.*,

283 F.3d 254, 263 (5th Cir. 2002). Thereafter, if the non-movant is unable to identify anything in the record to support its claim, summary judgment is appropriate. *Id*. "No genuine issue of material fact exists if the summary-judgment evidence is such that no reasonable juror could find in favor of the nonmovant." *Jenkins v. Methodist Hospitals of Dallas, Inc.*, 478 F.3d 255, 260 (5th Cir. 2007)(citation omitted).

In evaluating the evidence tendered by the parties, the court must accept the evidence of the non-movant as credible and draw all justifiable inferences in her favor. *Anderson*, 477 U.S. at 255. While courts will "resolve factual controversies in favor of the non-moving party," an actual controversy exists only "when both parties have submitted evidence of contradictory facts." *Little v. Liquid Air. Corp.*, 3 F.3d 1069, 1075 (5th Cir. 1994). There can be no genuine dispute as to a material fact when a party fails "to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp.*, 477 U.S. at 322-23. This is true "since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Id*. at 323.

When a movant bears the burden of proof an issue, he must establish "beyond peradventure all of the essential elements of the claim…to warrant judgment in his favor." *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986).

**II.     Discussion**

A. Applicable law

"Under the *Erie* doctrine, federal courts sitting in diversity apply state substantive law and federal procedural law." *Gasperini v. Ctr. for Humanities, Inc.*, 518 U.S. 415, 427 (1996). Accordingly, this court applies Louisiana law as it interprets the dation agreement.

At issue here is a dation. A *dation en paiement*, or "giving in payment," is a civilian concept. It is an act by which a debtor gives a thing to his creditor in payment for a debt. La. C.C. art. 2655. A *dation* can be used to partially satisfy a debt. La. C.C. art. 2656.

B.  Claims

    1.  The dation and the parties' intent

UNIC instituted this action for summary judgment because it believes CRU no longer has a right of action as a result of executing a dation. UNIC contends that by the plain language of the agreement, the Dation assigned CRU's right of action to GreenLake. In response, CRU argues that the court should consider the parties' intent. CRU contends that GreenLake and CRU did not intend to include the insurance claim within the Dation's assigned property rights.

The Dation states:

In consideration for a PARTIAL credit in the amount of $6,315,000.00 (the partial credit) against the indebtedness at the time this partial dation en paiement deed ("partial dation") becomes effective, assuming it does, pursuant to its terms, and availing themselves of Articles 2655 to 2659 of the Louisiana Civil Code or any other applicable law, GRANTOR does hereby make unto GRANTEE, or the holder of the Note, a partial dation en paiement, hereby transferring, conveying, delivering, granting and relinquishing the property and the movable property to grantee, or the holder of the note.[1]

The Dation further states:

Grantor hereby acknowledges and agrees the conveyance of the Property and the Movable Property to GRANTEE, or the holder of the note, pursuant to this Partial Dation is an absolute conveyance of all of GRANTOR'S right, title, and interest in and to the Property and the Movable Property. GRANTOR further acknowledges that, after conveyance of the Property and the Movable Property hereunder, GRANTOR shall have no further interest or claims with respect to the Property or the Movable Property and shall immediately surrender possession of the Property and the Movable Property to GRANTEE, or the holder of the Note.[2]

---

[1] doc. #49-12, pgs. 4-5, paragraph I.
[2] doc. # 49-12, p. 8, paragraph X.

The Dation did not take effect until it was recorded in the Caddo Parish records.[3] Once the Dation was recorded, per the Dation's terms, CRU was required immediately and unconditionally to surrender complete possession of the Property and the Movable Property to GreenLake and GreenLake became authorized to secure possession and control of the Property and the Movable Property.[4] The instant Dation was recorded on October 23, 2018. Thus, pursuant to the agreement, CRU's rights to the property completely transferred on October 23, 2018. Neither party disputes this.

What the parties dispute is whether the court should consider the intent of the parties. But the law is clear on this: when the words of a contract are clear and explicit, and lead to no absurd consequences, no further interpretation may be made in search of the parties' intent. La. C.C. art. 2046. And "[w]hen a contract can be construed from the four corners of the instrument without looking to extrinsic evidence, the question of contractual interpretation is answered as a matter of law." *Sims v. Mulhearn Funeral Home, Inc.*, 07-0054 p.10 (La. 5/22/07), 956 So.2d 583, 590; *Louisiana Ins. Guar. Ass'n v. Interstate Fire & Cas. Co.*, 93-0911 p.7 (La. 1/14/94), 630 So.2d 759, 764 ("The determination of whether a contract is clear or ambiguous is a question of law.").

Based on the Dation agreement, the Court finds CRU no longer has a right to bring the insurance claim, because the insurance claim is Movable Property, which CRU conveyed to GreenLake in the Dation. CRU claims there is a genuine issue of material fact as to whether the insurance policy and claim is included within the definition of movable property. The Court disagrees and finds there is no genuine issue as to the definition of movable property. Louisiana law provides that all things, corporeal or incorporeal, that the law does not consider as immovable,

---

[3] doc. #49-12, pgs. 8-9, paragraph XII.
[4] *Id*.

are movables. La. C.C. art. 475. Rights, obligations, and actions that apply to a movable thing are incorporeal movables. La. C.C. art. 473. Thus, a right of action under an insurance policy is movable property and thereby encompassed in the property transferred to GreenLake.

CRU also argues the Court should consider the parties' intent. It provides affidavits from both CRU and GreenLake members involved in the negotiations stating that the parties intended to exclude the insurance claim from the property rights assigned within the Dation. However, the clear language of the Dation does not imply such an exception. If the parties sought to exclude the claim, the agreement could have explicitly done so. Because the agreement is clear on its face, under Louisiana law, the Court cannot look to the parties' intent.

This conclusion is supported by the Louisiana Fourth Circuit Court of Appeal's decision in *Threadgill & Weems Holdings, L.L.C. v. Crusto*, 2016-CA-0491 (La. App. 4 Cir. 11/30/16), 204 So.3d 1061 (2016). In that case, the parties executed a dation that stated the transfer of two condominiums satisfied the plaintiff's debt. *Id*. at 1062. The plaintiff argued that the parties agreed that the defendant would pay the plaintiff the difference between the proceeds from the sale of the condominium and the full value of the judgment. *Id*. The trial court found that the agreement was inadmissible parole evidence and excluded it. *Id*. On appeal, the Fourth Circuit Court of Appeal agreed. Its reasoning centered on the fact that there was no ambiguity in the dation, making parole evidence inadmissible. *Id*. at 1064.

The cases that CRU cites to in support of its argument are unavailing. First, *Everest Nat'l Ins. Co. v. Tri-State Bancshares, Inc.*, No. 15-1491, 2016 WL 5062155, at *8 (W.D. La. Aug. 2, 2016), is not applicable here because the state of mind of the plaintiff is not at issue. Second, *Dawson Farms, LLC v. BASF Corp.*, 2008 WL 1776586 (W.D. La. Feb. 19, 2008), <u>report and recommendation adopted</u>, No. 6-0737, 2008 WL 11388127 (W.D. La. Apr. 16, 2008), is distinct

from the present case because that case dealt with a novation, and the court's discussion of intent is only applicable in the context of a novation. In the present case, the court looks to the terms of the dation and need not consider the parties' intent.

In sum, by the plain language of the Dation, CRU transferred all its movable property, including the insurance claim, to GreenLake. Because the words of the Dation are clear and explicit, the Court cannot consider extrinsic evidence of the parties' intent when interpreting the language of the Dation.

   2. The bad-faith claim

CRU argues that summary judgment is inappropriate because the Dation did not assign the bad faith insurance claims included in CRU's lawsuit against UNIC. To support its argument, it points the court to *Johno v. Doe*, 2015-0737 (La. App. 4th Cir. 3/9/16); 187 So.3d 581, arguing that *Johno* stands for the proposition that contract rights under the insurance policy are separate and distinct from statutory rights. In response, UNIC argues that a bad faith insurance claim can be assigned and was assigned by CRU. Moreover, UNIC argues that *Johno* can be distinguished from the present situation.

The undersigned agrees. *Johno* does not contradict the general proposition that a court should look to the language of the agreement when determining whether a bad faith insurance claim has been assigned. Pursuant to La C.C. art. 2642, a right of action for a claim of bad faith is assignable under Louisiana law, and since, by a plain reading of the dation, everything, without exception, is given away, it follows that any claim of bad faith can no longer be pursued by CRU.

   3. Non-material facts

CRU argues certain facts remain in dispute that preclude the court from granting the motion for summary judgment. The Court emphasizes it only needs to consider material facts. "Only

disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted. *Anderson*, 477 U.S. at 248 (citing 10A C. Wright, A. Miller, & M. Kane, Federal Practice and Procedure § 2725, pp. 93-95 (1983)).

CRU argues that the following facts are in dispute: (1) the exact date of loss-- September 20 rather than September 22; (2) whether the property only suffered one prior leak instead of the multiple water leaks that UNIC alleges; (3) whether GreenLake or CRU assigned the hotel and movables to 70th Hospitality, LLC; and (4) questions of fact regarding the mortgage and the UCC financing statement.

Quite simply, the issue before the court is whether CRU still had a right of action after the Dation came into effect. None of the above facts has any bearing on that issue, and the court finds that these are irrelevant factual disputes that do not preclude the entry of summary judgment in this case.

## **CONCLUSION**

For the foregoing reasons, the Motion for Summary Judgment filed by UNIC [doc. # 49] is **GRANTED**. CRU's claims against UNIC are **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that the motion for oral argument [doc. # 53] is **DENIED** as moot.

In Chambers, at Monroe, Louisiana, this 18th day of October 2019

                                                                  KAREN L. HAYES
                                                                   UNITED STATES MAGISTRATE JUDGE